IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

LAURA MATTOX WHITE                                                                              PLAINTIFF

V.                                                           CIVIL ACTION NO.: 3:11-cv-109-DPJ-FKB

HOSLEY INTERNATIONAL, INC.                                                              DEFENDANT

ORDER

This products-liability action is before the Court on Plaintiff Laura Mattox White's Motion to Remand [2].  The Court, having fully considered the parties' submissions and the applicable law, finds that the Motion should be denied.

According to the Complaint, White fractured her arm when she fell from an allegedly defective footstool.  She sued the manufacturer, Hosley International, on September 21, 2010, in the Circuit Court of Madison County, Mississippi, claiming severe and permanent injuries to her arm along with other related damages.  *See* Notice of Removal [1] Ex. A to Ex. 1, State Ct. Compl. 2–5.  The Complaint did not, however, specify the amount sought in damages, but instead requested "actual damages in an amount to be determined by the jury . . . together with all prejudgment and post-judgment interest, attorney fees and costs."  *Id*. at 5.

Hosley did not immediately remove the case, electing to first propound written discovery to establish the amount in controversy.  When White admitted that she sought more than $75,000, Hosley removed the case less than 30 days later.  Diversity jurisdiction exists, but White moved for remand contending that the Notice of Removal was untimely.  Hosley responded, and White elected to forego reply.

The procedure for removal is governed by 28 U.S.C. § 1446(b).  That section states in relevant part:

>The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
>
>If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

The only question presented is whether the allegations of the Complaint were sufficient to trigger the removal clock under § 1446(b).  In *Chapman v. Powermatic, Inc*., the Fifth Circuit held that "the thirty day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court."  969 F.2d 160, 163 (5th Cir. 1992).  White's Complaint does not affirmatively reveal on its face that she seeks the jurisdictional minimum.  Thus, the clock did not begin until Defendant established the amount in controversy through written discovery.  Because Hosley's removal was timely, White's Motion is denied.

**SO ORDERED AND ADJUDGED** this the 29th day of April, 2011.

>s/ *Daniel P. Jordan III*
>UNITED STATES DISTRICT JUDGE